FILED

2016 SEP -1  AM 10: 57

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTOPHER MORANO,            )
                               )
    PLAINTIFF,                 )
                               )
v.                             )   Case No. 5:16-cv-547-Oc-34PRL
                               )
DRJ INVESTMENTS, INC., d/b/a   )
JENKINS AUTOMOTIVE GROUP,      )
                               )
    DEFENDANT.                 )
_____/

## COMPLAINT WITH DEMAND FOR JURY TRIAL

Now comes the Plaintiff, CHRISTOPHER MORANO and files his Complaint against the Defendant, DRJ INVESTMENTS, INC. d/b/a JENKINS AUTOMOTIVE GROUP and says:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* (the "FMLA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's interference with Plaintiff's lawful exercise of his rights under the FMLA and retaliation against Plaintiff for exercising his rights under the FMLA, leading to his unlawful termination.

3. This Court has jurisdiction of these claims pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's rights under the FMLA.

1

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in Leesburg, Lake County, Florida, which falls within this district.

5. Plaintiff, CHRISTOPHER MORANO ("Morano"), is a citizen of the United States, and is and was at all times material, a resident of the State of Florida.

6. Defendant, DRJ INVESTMENTS, INC. d/b/a JENKINS AUTOMOTIVE GROUP ("Jenkins") is a Florida corporation with its principal place of business in Ocala, Florida.

7. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. Plaintiff was employed by Defendant from approximately October of 2014 through approximately August 2, 2016.

10. At the time his employment ended, Plaintiff held the position of General Manager.

11. While employed by Defendant, Plaintiff satisfactorily performed the job requirements of his position.

12. Plaintiff was a full-time employee who regularly worked 60-70 hours per week.

13. On or about July 29, 2016 Plaintiff requested leave to care for his minor son who was suffering from a serious medical condition.

14. Plaintiff was a covered employee under the FMLA and his leave qualified for protection under the FMLA.

15. On or about July 29, 2016, Plaintiff was provided with a Leave of Absence Form and a medical certification form in an e-mail with the subject line "stuff you will not need ever", sent by General Manager David Dern.

16. On or about August 2, 2016, Plaintiff's employment was involuntarily terminated.

17. Defendant unlawfully interfered with Plaintiff's rights under the FMLA and terminated Plaintiff in retaliation for Plaintiff's exercise of his rights under the FMLA.

18. Plaintiff has been damaged by Defendant's illegal conduct.

19. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count 1: FMLA Retaliation

20. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-19, above.

21. Plaintiff was an employee eligible for protected leave under the FMLA.

22. Defendant is and was an employer as defined by the FMLA.

23. Plaintiff exercised or attempted to exercise his rights under the FMLA.

24. Defendant retaliated against Plaintiff for exercising or attempting to exercise his FMLA rights.

25. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

26. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

## Count 2: FMLA Interference

27. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 19, above.

28. Plaintiff was an employee eligible for protected leave under the FMLA.

29. Defendant is and was an employer as defined by the FMLA.

30. Plaintiff exercised or attempted to exercise his rights under the FMLA.

31. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

32. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

33. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

**WHISEFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

4

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

<u>*/s/Amanda Ellen B. Clay*</u>
Amanda Ellen B. Clay
Fla. Bar No. 28808
Amanda.Clay@spielbergerlawgroup.com
**Spielberger Law Group**
202 S. Hoover Blvd.
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499

*Counsel for Plaintiff*